IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MR. DEWITT SMITH, JR.,               )
            Petitioner,        )
                                )
      v.                      )  Civil Action No. 10-1747
                                )
ROBERT E. DUIOR, Judge Allegheny County,  )
Pa, et al.,                          )
            Respondents        )

REPORT AND RECOMMENDATION

I.     Recommendation

It is respectfully recommended that the above-captioned case be dismissed for petitioner's failure to prosecute.

II.    Report

Petitioner, Dewitt Smith, Jr., who was incarcerated at the State Correctional Institution at Frackville ("SCIF") at the time he submitted his petition but has since been released from custody, submitted an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction on counts of aggravated assault, reckless endangerment and disturbing the peace, and the sentence of five to ten years imprisonment, imposed by the Court of Common Pleas of Allegheny County, Pennsylvania on September 13, 1982 or 1983. However, he has not responded to orders of this Court and appears to have lost interest in prosecuting this case.

Petitioner submitted his petition in the United States District Court for the Eastern District of Pennsylvania on December 5, 2007 (ECF No. 1). On February 19, 2008, Petitioner notified the court that his new address was 1300 Wood Street, Wilkinsburg, Pennsylvania 15221-2001 (ECF No. 3). That was the last action taken by Petitioner with respect to this case.

On September 15, 2010, Magistrate Judge Rueter filed a Report and Recommendation recommending that the petition be transferred to this Court, the United States District Court for the Western District of Pennsylvania, because his conviction occurred in Allegheny County (ECF No. 5). On December 23, 2010, Judge McLaughlin entered an order adopting the Report and Recommendation and transferring the case to this Court (ECF No. 6).

On January 3, 2011, a notice was sent by the undersigned to the Petitioner, indicating that he had neither paid the $5.00 filing fee nor submitted an application to proceed in forma pauperis (ECF No. 8). That notice was in error, as closer inspection of the docket sheet reveals that Petitioner submitted his application to proceed in forma pauperis with his habeas petition and that Judge McLaughlin granted this motion as part of her September 7, 2010 order referring the case to Magistrate Judge Rueter (ECF No. 4). Nevertheless, it is noted that Petitioner did not contact the Court to rectify this mistake.

Also on January 3, 2011, an order was entered, directing Petitioner to make an election either to consent to have the undersigned handle this matter for all purposes or to have a district judge assigned to the case (ECF No. 9). Petitioner's response to this order was due on January 24, 2001, but to date he has filed no response.

On March 3, 2011, an order was entered, directing Petitioner to show cause why this case should not be dismissed for his failure to prosecute it (ECF No. 10). His response to this order was due by March 24, 2011, but to date he has filed no response.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty

Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

> (1) The extent of the party's personal responsibility.
>
> (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
> (3) A history of dilatoriness.
>
> (4) Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Petitioner's failure to comply with this Court's orders which weigh heavily against him. Such compliance was not only Petitioner's sole personal responsibility, Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002), but his continued failure to respond to orders and to submit his election form even after the Court ordered him to do so appears willful and constitutes a history of dilatoriness.

With respect to the second factor – the prejudice caused to the adversary by the petitioner's failure to comply with this Court's orders – although the case could proceed without Petitioner's election form, it would appear that he has lost interest in prosecuting this case. Finally, factor No. 6 – the meritoriousness of the claim – will be weighed neither in favor nor against Petitioner. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Petitioner filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate. Emerson, 296 F.3d at 191. Thus, dismissal appears to be the most appropriate

action for this Court to take and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice.

For these reasons, it is recommended that the above-captioned case be dismissed for petitioner's failure to prosecute.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within the time specified in the Notice of Electronic Filing. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections will waive the right of appeal.

                                              Respectfully submitted,

                                              s/Robert C. Mitchell
                                              ROBERT C. MITCHELL
                                              United States Magistrate Judge

Dated: April 7, 2011

cc:    Dewitt Smith, Jr.
        1300 Wood Street .
        Wilkinsburg, PA 15221-2001